# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**MYRON K. DAVIS**  **PLAINTIFF**

v.   No. 4:17-CV-00254-BRW-JTK

**NANCY A. BERRYHILL,**
Acting Commissioner,
Social Security Administration  **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Myron Davis applied for social security disability benefits with an amended alleged onset date of May 28, 2013. (R. at 38). After a hearing, the administrative law judge (ALJ) denied his application. (R. at 33). The Appeals Council denied his request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Davis has requested judicial review.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision.

**I.    The Commissioner's Decision**

The ALJ found that Davis had the severe impairments of left patellar fracture, status-post open reduction internal fixation (ORIF); anxiety/depression; and remote cerebrovascular accident (CVA). (R. at 20). The ALJ then found that Davis's impairments left him with the residual functional capacity (RFC) to perform sedentary work. (R. at 23). Specifically, the ALJ found that Davis could not stand and/or walk more than two hours total in an eight-hour workday; must be allowed to sit and/or stand while performing work duties; must be allowed to use a cane to access the work area; could not perform any left lower extremity foot control operations; could not be exposed to hazards in the workplace; could not balance; could not climb ladders, ropes, or scaffolds; could not kneel and crouch; could not drive or operate dangerous machinery; and must not be exposed to dangerous heights. (R. at 23). Davis had no past relevant work. (R. at 31). However, a vocational expert (VE) testified that a person with Davis's RFC could perform jobs such as nut sorter or lamp shade assembler. (R. at 32). The ALJ therefore held that Davis was not disabled. (R. at 33).

## II.     Discussion

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

Davis argues that the ALJ erred in not finding Davis had a combination of impairments that met or equaled a listing, that the ALJ improperly considered the opinion evidence, and that the ALJ failed to properly assess Davis's credibility. As the

undersigned finds that the ALJ improperly considered the opinion evidence, it is not necessary to reach Davis's other points.

The ALJ discredited the opinion of Richard Hayes, M.D. (misspelled "Mayes") because there were no clinical notes from Dr. Hayes, and the ALJ concluded that Dr. Hayes was not Davis's treating physician and "had never seen [him] before this exam." (R. at 30).

The ALJ was only partially correct. It is true that the record does not contain treatment records from Dr. Hayes. However, Davis testified at the hearing that Dr. Hayes was his treating physician. (R. at 51). Beyond this, pharmacy records show Dr. Hayes prescribed medication to Davis on multiple occasions as far back as August 2014 through September 2015. (R. at 270–72). Dr. Hayes's gave his opinion on September 24, 2015. (R. at 402). This clearly establishes that Dr. Hayes had a treating relationship with Davis for over a year or more before giving his opinion concerning his ability to perform work-related functions.

While it would be preferable for the record to also contain treatment records from Dr. Hayes, the record and testimony should have at least alerted the ALJ to the relationship between Davis and Dr. Hayes. If the ALJ believed that a decision could not be reached without additional information from Dr. Hayes, such information could and should have been requested. *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011). As the record indicates that Dr. Hayes was Davis's treating physician, his opinion should have been analyzed as such. The ALJ erred in discounting the opinion.

### III.     Recommended Disposition

The ALJ incorrectly determined that Dr. Hayes was not Davis's treating physician and therefore improperly discounted his opinion. The ALJ's decision is therefore not

supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record as necessary and to reconsider Dr. Hayes's in light of the treating relationship with Davis.

Dated this 8th day of May, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE